118

[715 NYS2d 732]

In the Matter of BRUCE W. BRASWELL (Admitted as BRUCE WAYNE BRASWELL), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 6, 2000

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gary D. Egerman* of counsel), for Grievance Committee for the Ninth Judicial District.

*Bruce W. Braswell,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The respondent, Bruce W. Braswell, has submitted an affidavit dated July 28, 2000 in which he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). At the time the respondent submitted his resignation, he was the subject of a pending motion by the Grievance Committee to find him in default of his obligation to answer a petition dated January 14, 2000 and supplemental petition dated April 7, 2000, to deem the charges contained therein established, and to impose such discipline upon the respondent as the Court deems just and proper.

The respondent acknowledges that he is the subject of four pending complaints of professional misconduct, and acknowledges that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits, except for the charges pertaining to the third and fourth complaints. As to those complaints, the respondent acknowledged his failures to cooperate.

The respondent acknowledges that his resignation will result in his disbarment. Nevertheless, he brings a number of mitigating factors to the Court's attention. These stem from his debilitated physical condition due to juvenile rheumatoid arthritis and his need for hip and knee replacements, as well as his need for extensive rehabilitation and his depleted finances. The respondent also points out his reputation for handling *pro bono* matters. He realizes that he is unable to manage a general practice under his present circumstances.

The respondent avers that his resignation is freely and voluntarily tendered, that he has not been subjected to coercion or

duress, and that he is fully aware of the implications of submitting a resignation. As for unaccounted-for funds, the respondent is aware that pursuant to Judiciary Law § 90 (6-a) the order permitting him to resign could require him to make restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection. The respondent acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition.

The Grievance Committee recommends acceptance of the resignation.

As the proffered resignation complies with pertinent Court rules, it is accepted, the respondent is disbarred, and his name is stricken from the roll of attorneys. The Grievance Committee's motion, *inter alia,* to find the respondent in default of his obligation to answer the petition is denied as academic, in view of the proffered resignation.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and SANTUCCI, JJ., concur.

Ordered that the resignation of Bruce W. Braswell is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bruce W. Braswell is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Bruce W. Braswell shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bruce W. Braswell is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the Grievance Committee's motion, *inter alia,* to find Bruce W. Braswell in default of his obligation to answer the petition is denied as academic.